## MARCEL HUGUENIN *v.* COMMISSIONER OF CORRECTION
### (SC 17103)

Sullivan, C. J., and Norcott, Palmer, Vertefeuille and Jennings, Js.

Argued October 26—officially released November 30, 2004

*Sandra J. Crowell*, assistant public defender, with whom were *Kalisha R. Raphael*, assistant public defender, and, on the brief, *Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Ann E. Lynch*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Henri Alexandre*, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Marcel Huguenin, filed a petition for a writ of habeas corpus claiming, inter alia, that the application of General Statutes § 18-100d[1]

---

[1] General Statutes § 18-100d provides: "Notwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced."

to the sentences imposed on him in six criminal cases violated the ex post facto clause of the United States constitution. In response to the petition, the respondent commissioner of correction argued that § 18-100d had not been applied to the petitioner's sentences for offenses committed prior to the effective date of the statute. Therefore, the respondent argued, the statute had not been applied retroactively and could not violate the ex post facto clause. The habeas court agreed with the respondent and, on June 13, 2002, denied the petition. The petitioner appealed from that decision to the Appellate Court.

On October 29, 2002, this court issued its decision in *Tyson* v. *Commissioner of Correction*, 261 Conn. 806, 808 A.2d 653 (2002), cert. denied sub nom. *Tyson* v. *Armstrong*, 538 U.S. 1005, 123 S. Ct. 1914, 155 L. Ed. 2d 836 (2003), in which we concluded that the application of § 18-100d to sentences for offenses committed after the effective date of the statute was not retroactive and, therefore, did not violate the ex post facto clause. Id., 828 n.24. Subsequently, the respondent in the present case filed a motion to dismiss the petitioner's appeal, arguing that the matter was governed by *Tyson*. The Appellate Court treated the motion to dismiss as a motion for summary affirmance and granted it. We thereafter granted the petitioner's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly dismiss the petitioner's appeal on the ground that the ex post facto issue raised by the petitioner was not debatable among jurists of reason?" *Huguenin* v. *Commissioner of Correction*, 267 Conn. 904, 838 A.2d 209 (2003).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.